FILE COPY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _O3-271_ |
| V. | : | DATE FILED ~~FILED APR 22 2003~~ |
| JEREMY RODRIGUEZ<br>a/k/a "Oscar"<br>JASMINE PEREZ | : | VIOLATIONS: |
| | : | **21 U.S.C. § 846 (conspiracy to distribute and possess with the intent to distribute heroin - 1 count)** |
| | : | **21 U.S.C. §§ 841(a) and 841(b)(1)(C) (distribution of heroin - 12 counts)** |
| | : | **21 U.S.C. §§ 841(a) and 841(b)(1)(C) (possession with the intent to distribute heroin - 1 count)** |
| | : | **18 U.S.C. § 924(c)(1) (possessing a firearm in furtherance of a drug trafficking crime - 1 count)** |
| | : | **18 U.S.C. §§ 922(g)(1) and 924(e) (possession of a firearm by a convicted felon - 1 count)** |
| | : | **18 U.S.C. § 2 (aiding and abetting)** |
| | : | **Notice of Forfeiture** |
| | : | **Notice of Prior Convictions** |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.      From on or about May 13, 2002 to on or about August 29, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**JASMINE PEREZ**
**and**
**JEREMY RODRIGUEZ**
**a/k/a "Oscar"**

conspired and agreed, with each other and others unknown to the grand jury, to knowingly and intentionally distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS

It was part of the conspiracy that:

2.      Defendants JASMINE PEREZ and JEREMY RODRIGUEZ sold packets of heroin, stamped "Fatal" and "Good Time," at various locations in and around the area of Tioga Street in Philadelphia, Pennsylvania.

3.      Defendants were paid in cash for each of the heroin packets they sold.

4.      Defendants were contacted by customers by telephone to arrange the location and amount of the heroin sales.

5.      Defendants used their residence located at 3451 G Street, Philadelphia, Pennsylvania as their base of operations for selling heroin, storing heroin, and safeguarding their drug operations with a firearm.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object, the following overt acts, among others, were performed in Philadelphia, Pennsylvania, in the Eastern District of Pennsylvania and elsewhere:

1.     On or about May 13, 2002:

    a.     in the 900 block of E. Tioga Street in Philadelphia, Pennsylvania, an undercover police officer met with an individual unknown to the grand jury (person # 1), who placed a phone call to defendant JASMINE PEREZ in order to arrange a meeting to buy heroin;

    b.     after the heroin order was placed, defendant JASMINE PEREZ met with person # 1 and the undercover officer, handed 2 packets containing heroin to person # 1, who then handed the 2 packets of heroin to the undercover officer; and

    c.     the undercover officer handed $20 as payment for the packets of heroin to person # 1, who handed the money to PEREZ.

2.     On or about May 15, 2002:

    a.     in the 900 block of E. Tioga Street in Philadelphia, Pennsylvania, defendant JASMINE PEREZ met with and agreed to sell to an undercover police officer 2 packets of heroin for $20;

    b.     PEREZ went inside her residence located at 3451 G Street, came back out, and handed the undercover officer 2 packets of heroin;

    c.     the undercover officer then gave PEREZ $20; and

    d.     PEREZ gave the undercover officer her phone number to use when the undercover officer wanted to purchase drugs in the future.

3.     On or about May 22, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover police officer heroin; and

b.      later that same day, PEREZ sold the undercover officer 13 packets of heroin for which PEREZ was paid $120.

4.      On or about May 26, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover police officer heroin; and

b.      later that same day, PEREZ sold the undercover officer 13 packets of heroin for which PEREZ was paid $120.

5.      On or about May 30, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover police officer heroin; and

b.      later that same day, PEREZ sold the undercover officer 13 packets of heroin for which PEREZ was paid $120.

6.      On or about June 3, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover officer heroin;

b.      later that same day, PEREZ and the undercover officer entered her residence located at 3451 G Street; and

c.      PEREZ gave the undercover officer 65 packets of heroin in return for which she was paid $550.

7.      On or about June 10, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ told

the undercover officer to meet her husband at I and Tioga Streets where the officer could purchase heroin;

        b.      when the undercover officer arrived at I and Tioga Streets, he met with defendant JEREMY RODRIGUEZ, who handed him 13 packets of heroin for which he was paid $120; and

        c.      RODRIGUEZ told the undercover officer that he would give the officer another telephone number to call to arrange drug sales because he and defendant JASMINE PEREZ were concerned that they were being watched by the police.

    8.      On or about June 17, 2002:

        a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover officer heroin;

        b.      PEREZ met with the undercover officer at I and Tioga Streets;

        c.      PEREZ gave the officer a new cell phone number because she was concerned that she was being watched by the police; and

        d.      PEREZ got into her car, drove around for approximately 10 minutes, met again with the officer, and handed him 13 packets of heroin for which she was paid $120.

    9.      On or about June 21, 2002:

        a.      during a telephone conversation, defendant JASMINE PEREZ agreed to sell the undercover officer heroin;

        b.      PEREZ met with the undercover officer at I and Tioga Streets;

        c.      while PEREZ and the undercover officer engaged in a drug related conversation, an Hispanic male, known to the grand jury as "Macho," approached them and had a drug related conversation with them; and

d.      "Macho" left the area and returned approximately 10 minutes later and handed the undercover officer 65 packets of heroin for which "Macho" received $550 from the undercover officer.

10.      On or about July 2, 2002:

a.      during a telephone conversation, defendant PEREZ agreed to sell heroin to the undercover officer;

b.      PEREZ met the undercover officer inside her residence located at 3451 G Street; and

c.      once inside of her residence, PEREZ handed the undercover officer 52 packets of heroin for which she received $440.

11.      On or about July 25, 2002:

a.      during a telephone conversation, defendant PEREZ agreed to sell heroin to the undercover officer;

b.      PEREZ met the undercover officer at Reach and Tioga Streets, in Philadelphia, Pennsylvania; and

c.      PEREZ handed the undercover officer 26 packets of heroin for which she received $220.

12.      On or about August 28, 2002:

a.      during a telephone conversation, defendant JEREMY RODRIGUEZ informed the undercover officer that either defendant JASMINE PEREZ or he would provide the undercover officer with heroin.

13.      On or about August 29, 2002:

a.      during a telephone conversation, defendant JASMINE PEREZ agreed

to sell heroin to the undercover officer; and

                b.      PEREZ met the undercover officer at Reach and Tioga Streets and handed the undercover officer 91 packets of heroin for which she received $500.

        14.     On or about August 29, 2002, inside their residence at 3451 G Street, Philadelphia, Pennsylvania, defendants JASMINE PEREZ and JEREMY RODRIGUEZ possessed with intent to distribute heroin.

        15.     On or about August 29, 2002, defendant JEREMY RODRIGUEZ possessed a Smith & Wesson .44 caliber magnum, serial number AYM7991, loaded with five live rounds of ammunition inside the bedroom of 3451 G Street, Philadelphia, Pennsylvania, in order to protect their drug trafficking operation.

        All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 13, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASMINE PEREZ**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 15, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASMINE PEREZ**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 22, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 26, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 30, 2002, at Philadelphia, in the Eastern District of Pennsylvania,

defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of

heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 3, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

# COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 10, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASMINE PEREZ**
**and**
**JEREMY RODRIGUEZ**
**a/k/a "Oscar"**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 2.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 17, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 21, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**JASMINE PEREZ**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2002, at Philadelphia, in the Eastern District of Pennsylvania,

defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of

heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 25, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 29, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JASMINE PEREZ

knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 29, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**JEREMY RODRIGUEZ**
**a/k/a "Oscar"**
**and**
**JASMINE PEREZ**

knowingly and intentionally possessed with intent to distribute a controlled substance, that is a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 29, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JEREMY RODRIGUEZ
#### a/k/a "Oscar"

knowingly possessed a firearm, that is, a Smith & Wesson .44 caliber magnum, serial number AYM7991, loaded with five live rounds of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute heroin, distribution of heroin, and possession with intent to distribute heroin, as charged in Counts One, Eight, and Fourteen of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 29, 2002, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JEREMY RODRIGUEZ
### a/k/a "Oscar,"

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, a Smith & Wesson .44 caliber magnum, serial number AYM7991, loaded with five live rounds of ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## NOTICE OF FORFEITURE

As a result of the violations of Title 18, United States Code, Sections 924(c)(1)

and 922(g)(1) set forth in Counts Fifteen and Sixteen of this Indictment, defendant

**JEREMY RODRIGUEZ**
**a/k/a "Oscar"**

shall forfeit to the United States of America, pursuant to Title 28, United States Code, Section

2461(c) and Title 18, United States Code, Section 924(d), the firearm and ammunition involved

in the commission of these offenses, including a Smith & Wesson .44 caliber magnum, serial

number AYM7991, loaded with five live rounds of ammunition.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United

States Code, Section 924(d).

## NOTICE OF PRIOR CONVICTIONS

Defendant JEREMY RODRIGUEZ committed the offenses charged in Counts One, Eight, Fourteen, and Sixteen of this Indictment after having been convicted in a court of the Commonwealth of Pennsylvania of five felony drug offense, as follows:

1.     Manufacturing, Delivery, or Possession with Intent to Deliver a Controlled Substance (cocaine base "crack")- Philadelphia CP#: 9403-2614 1/1.

2.     Manufacturing, Delivery, or Possession with Intent to Deliver a Controlled Substance (cocaine base "crack")- Philadelphia CP#: 9411-0214 1/1.

3.     Manufacturing, Delivery, or Possession with Intent to Deliver a Controlled Substance (cocaine base "crack")- Philadelphia CP#: 9411-0386 1/1.

4.     Manufacturing, Delivery, or Possession with Intent to Deliver a Controlled Substance (cocaine base "crack")- Philadelphia CP#: 9502-0756 1/1.

5.     Manufacturing, Delivery, or Possession with Intent to Deliver a Controlled Substance- Philadelphia CP#: 9701-0673 1/1.

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

_____
**PATRICK L. MEEHAN**
**UNITED STATES ATTORNEY**

First Assistant U.S. Attorney