IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| | : | No. 03-271-1 |
| v. | : | |
| | : | |
| JEREMY RODRIGUEZ, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this  10th  day of November, 2015, it is **ORDERED** that Jeremy Rodriguez's *Pro Se* Motion to Modify/Reduce Sentence (ECF No. 96) is **DENIED**.[1]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on 11·12·2015 to:
                                             JEREMY Rodriguez, Deft.

O:\ABB 2015\L - Z\USA v. Rodriguez Order on 782 Motion.docx

---

[1] Rodriguez files his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He seeks to have his sentence of 240 months' imprisonment reduced based on an amendment to the U.S. Sentencing Guidelines ("U.S.S.G."), Amendment 782, that lowers the base offense level on the drug quantity table in U.S.S.G. § 2D1.1 by two levels. Rodriguez, however, was not sentenced based on U.S.S.G. § 2D1.1; instead, he was sentenced to the statutory mandatory minimum for his offenses. The Third Circuit has held that where, as here, the statutory mandatory minimum is applied, "the defendant [is] ineligible for modification under" § 3582(c)(2). *United States v. Ortiz-Vega*, 744 F.3d 869, 873 (3d Cir. 2014); *see also* U.S.S.G. § 1B1.10 application note (stating that a reduction under § 3582(c)(2) is not authorized where an amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*)" (emphasis added)).

Rodriguez also requests a review and reconsideration of his sentence (ECF No. 98) based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Rodriguez's argument regarding *Johnson* is questionable; however, it is in the form of a request, and therefore no response by the Court is appropriate.