IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | 03-cr-271 |
| : | |
| JEREMY RODRIGUEZ : | |
| : | |

## ORDER

**AND NOW**, this 22<sup>d</sup> day of January 2018, it is **ORDERED** that Jeremy Rodriguez's Pro Se Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause (ECF No. 109) is **DENIED**.[1]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on 01-22-2081 to:
                                          Jeremy Rodriguez, pro se

---

[1] Rodriguez first asks for a reduction in his supervised release sentence. Even assuming that this request is properly raised, it is denied because Rodriguez's current supervised release sentence of six years is the mandatory minimum for his offenses, and therefore, it cannot be reduced further.
  Rodriguez next asks for a reduction under 18 U.S.C. § 3582(c)(2) in light of amendments 782, 787, and 789 to the United States Sentencing Guidelines (USSG). The request based on Amendment 782 is denied as set out in this Court's previous order. *See* ECF No. 104. The request based on amendments 787 and 789 is denied because those amendments cannot be used for a § 3582(c)(2) reduction. Only "Covered Amendments" under USSG § 1B1.10(d) can be used to retroactively reduce a sentence. *See United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995) ("[A]n amendment not listed in [§ 1B1.10(d)] may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)"). Amendments 787 and 789 are not listed under § 1B1.10(d), and thus cannot be used retroactively. *See id.*
  To the extent that Rodriguez requests a review and reconsideration of his sentence based on the Supreme Court decision *Johnson v. United States*, 135 S. Ct. 2551 (2015), those arguments will be addressed in Rodriguez's pending § 2255 motion.